UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**MARIA PEREZ LOPEZ** an individual,
Plaintiff,

Hon.
Case No.

v.

**EDIBLE GARDEN AG INCORPORATED,**
Delaware Corporation,
Defendant

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. ( P85194)
Attorney for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
vjimenez@avantilaw.com

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### NATURE OF ACTION

1. This is a civil action brought on behalf of Plaintiff to recover for Defendant's violation of the Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), M.C.L. § 37.2101 *et seq.*

2. This civil action is also brought on behalf of Plaintiff with regard to Defendant's intentional infliction of emotional distress upon Plaintiff.

3. Plaintiff alleges that Defendant unlawfully discriminated against her and subjected her to disparate treatment with respect to the terms, conditions, and privileges of her employment because of her national origin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claim asserted herein pursuant pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the value of the matter in controversy exceeds $75,000.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

6. Plaintiff Maria Perez Lopez ("Lopez") is an individual resident of the county of Kent, State of Michigan.

7. Plaintiff is a citizen of Guatemala.

8. Defendant Edible Garden AG Incorporated ("EGAG") is a Delaware corporation whose headquarters is located in Belvidere, New Jersey.

9. Plaintiff was employed at Defendant's Grand Rapids Location, which has an address of 2960 Madison Ave Se, Grand Rapids, MI 49548.

10. At all material times, Defendants were employers covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2201, et seq. (hereinafter "ELCRA") and Lopez was their employee.

## GENERAL ALLEGATIONS

11. Plaintiff worked for Defendant from July 24, 2024 through August 07, 2024.

12. Plaintiff was employed as a general laborer.

13. Throughout Plaintiff's employment she and other employees felt mistreated by management, including specifically a supervisor of the team who went by Rieko.

14. Plaintiff and other employees discussed what they felt were unfair terms and conditions of employment including but not limited to not providing sufficient breaks during their shifts.

15. Rieko constantly and consistently verbally abused Plaintiff and others throughout the workday.

16. In fact, on only her fourth day of her employment, Plaintiff was subjected to extreme verbal abuse by Rieko to the point of feeling a lot of anxiety, shaking and on the verge of crying.

17. On August 7, 2024 Plaintiff was called to the office by Adriana, Liliana and Linda, members of management, to speak to Plaintiff about her filing a complaint with Human Resources over Doe's mistreatment. The meeting was held in Rieko's office.

18. Rieko specifically mentioned to Plaintiff that she had discovered that Plaintiff intended on filing a complaint against her with human resources.

19. Rieko told Plaintiff that she was unafraid of any complaints being filed against her because she had one of the best attorneys in Michigan to represent her and welcomed the complaints.

20. Rieko scolded Plaintiff and told her that she was placing her on probation for 30 days at the end of which she would decide whether or not she would terminate her employment.

21. Rieko also threatened to call law enforcement on Plaintiff and stated that since she knew where Plaintiff lived and insinuated that she was not a US Citizen and thus could have her arrested/detained any time she desired.

22. Plaintiff was instructed to return to work and Plaintiff, visibly shaken and distraught, reluctantly returned to work.

23. Upon returning to her work station, her co-workers inquired as to what occurred. Plaintiff explained what she experienced in her meeting with Rieko and the threats she was subjected to by Rieko.

24. Adriana, who was present in the meeting, overheard Plaintiff talking with her co-workers about her meeting with management and began yelling at Plaintiff, stating that she should not have disclosed anything that was discussed during the meeting. She also threatened to call the company lawyer and have Plaintiff arrested/detained.

25. Rieko stormed out of her office and onto the floor where Plaintiff and other employees were working, yelled out to Plaintiff loud enough for everyone to hear and thus stopped what they were doing as Rieko fired Plaintiff publicly while yelling and cursing.

26. Rieko ordered Plaintiff to leave immediately.

27. Plaintiff was humiliated, distraught, visibly shaken and anxious as she hurriedly left the floor.

28. Rieko then proceeded to warn and threaten the remaining workers, the majority of whom are of Hispanic origin, that she would contact law enforcement and have them all detained, arrested and deported if they contacted human resources.

### COUNT I
### VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT OF 1976, M.C.L. 37.2101, et seq.

29. Plaintiff hereby incorporates and realleges all of the paragraphs above.

30. At all material times, Defendants were an employer covered by and within the meaning of the Elliott-Larsen Civil Rights Act of 1976, M.C.L. 37.2201, et seq., and Plaintiff was their employee.

31. Plaintiff's national origin was at least one factor in Defendants' decision to subject her to the discriminatory treatment described above.

32. Had Plaintiff been a caucasian person, she would not have been threatened as she was nor would she have been terminated.

33. Defendant Edible Garden, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated non-hispanic employees in the terms and conditions of employment, based on unlawful consideration of national origin.

34. The effect of the practices complained of above has been to discriminate against Plaintiff with respect to her terms, conditions and privileges of employment based on her national origin in violation of ELCRA.

35. Defendant has engaged in unlawful employment practices in violation of ELCRA by demoting Plaintiff because of her national origin.

36. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor against Defendants for the following relief:

A. Any and all economic damages, noneconomic damages for injury or loss in excess of $75,000 and reasonable attorney fees as permitted under the ELCRA;

B. Any and all economic damages, lost wages, and miscellaneous expenses as Plaintiff would be entitled to due to Defendant Doe's intentional infliction of emotional distress;

C.  Defendants be ordered to pay all other incidental and consequential damages which are a result of Defendant's intentional infliction of emotional distress; and

D.  Whatever other statutory, legal or equitable relief appears appropriate at the time of trial.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC